AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court
## For The District of Columbia

**UNITED STATES OF AMERICA**

v.

**WILLIAM E. KING**

**CRIMINAL COMPLAINT**

CASE NUMBER:

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.   On or about __November 9, 2007__ in __WASHINGTON__ county, in the _____ District of __COLUMBIA__ defendant (s) did, (Track Statutory Language of Offense)

**unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance.**

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__.

I further state that I am __OFFICER RAMEY KYLE__, and that this complaint is based on the following facts:

**SEE ATTACHED STATEMENT OF FACTS**

Continued on the attached sheet and made a part hereof:     ☒ Yes   ☐ No

_____
Signature of Complainant
**OFFICER RAMEY KYLE**
**METROPOLITAN POLICE DEPARTMENT**

Sworn to before me and subscribed in my presence,

_____     at     __Washington, D.C.__
Date                                                                                City and State

_____                              _____
Name & Title of Judicial Officer                                  Signature of Judicial Officer

**STATEMENT OF FACTS**

On November 9, 2007, sworn officers with the Metropolitan Police Department received information from a confidential informant (CI), that a subject stying at the Budget Motel located on New York Avenue, N.E., Washington, D.C., was in possession of a large quantity of crack cocaine and a handgun. The CI told officers that the subject was in Room 246. Officers went tot he Budget Motel located at 1615 New York Avenue, N.E., Room 246 to investigate the information provided.

Officers knocked on the door, and the door was opened a short time later by the defendant, William King. After the defendant gave officers consent to come in, officers explained to the defendant, that they had received information that there was drugs being used in the room. When asked if that was the true the defendant stated that it was. Officers asked if "Weed" was being used, and the defendant stated, no "Coke". Officers asked the defendant where the "Coke" was, and the defendant pointed to the night stand located of the right of the bed. The defendant went to the night stand and opened the drawer. The defendant pulled out a white plate with cocaine residue, two razor blades and a playing card on it. Officers then asked the defendant if he had any guns, and the defendant said that he did not own any guns. Officers asked if there were any guns in the room, and the defendant pointed to the chest of drawers and indicated that it was in the bottom left drawer in the bag. Officers recovered a black nylon bag from the drawer and recovered a loaded Smith & Wesson .32 caliber revolver. Also recovered from the bag was 2 false bottom cans with white powder,rubber bands, 14 large clear wraps with white rock-like substance, 13 pink ziplocks containing a white rock-like substance, 138 ziplocks containing a tan powder substance, a sock with 14 rounds of 9mm ammunition, a ziplock with 29 rounds of .32 caliber ammunition, rubber gloves, 2 strainers with tan and white residue, 2 digital scales with residue, 1 bottle of Inositol, 1 bottle of Quinine, 1 bottle of Caffeine, 1 small blender with residue, 1 plastic bag containing several measuring spoons and razor blades, numerous empty ziplocks, and plastic wrap with white cutting agent. The white rock-like substance appeared to be crack cocaine. Officers also recovered the motel room card key, cell phones, other drug paraphernalia and packaging material throughout the room. A portion of the tan powder substance field tested positive for opiates, and a portion of the white rock-like substance field tested positive for cocaine. Officers placed the defendant under arrest. The approximate weight of the suspected crack cocaine was 53.4 grams, which is an amount commonly indicating the suspected crack cocaine was going to be sold to others rather than used exclusively by the defendant.

      OFFICER RAMEY KYLE
      METROPOLITAN POLICE DEPARTMENT

SWORN AND SUBSCRIBED BEFORE ME ON THIS __ DAY OF NOVEMBER, 2007.

      U.S. MAGISTRATE JUDGE