UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          v.<br><br>WILLIAM E. KING,<br>          Defendant. | Criminal No. 07-558M (AK) |

**DETENTION MEMORANDUM**

The Defendant, William E. King, has been charged by complaint with possession with intent to distribute cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on November 26, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Officer Devinci Wooden of the Metropolitan Police Department's Narcotics Special Investigative Division, Gun Recovery Unit, testified for the government. Officer Wooden testified that on November 9, 2007 he, along with other officers of the Metropolitan Police Department, received information from a confidential information ("CI") that a large quantity of "crack" and "dope" (heroin) were being distributed from room 246 of the Budget Motel, located at 1615 New York Avenue, N.E., Washington D.C. The CI also told police that there was a gun in the hotel room and that a man named Bill was there.

Officer Wooden, along with thirteen or fourteen other Metropolitan Police officers, responded to the Budget Motel at approximately 6:58 p.m. on November 9, 2007. Sergeant Sloane knocked on the door and a voice responded, "Who is it?". Sergeant Sloane identified himself, at which time someone locked the door from the inside. Approximately thirty to sixty seconds later, the Defendant opened the door and allowed the officers to enter the motel room. Once inside the room, Sergeant Sloane asked the Defendant whether there were narcotics in the room and the Defendant responded that there were. Sergeant Sloane then asked whether "weed" was being used in the room and the Defendant responded that "coke" was being used in the room. Sergeant Sloane asked the Defendant where the cocaine was located and the Defendant retrieved a Styrofoam plate from the night stand drawer. The plate contained residue, which field-tested positive for cocaine, two razor blades, and a playing card.

Sergeant Sloane next asked the Defendant whether there were any guns in the room. The Defendant responded that he did not own any guns. When Sergeant Sloane asked the question a second time, the Defendant pointed to a chest or drawers and indicated that the gun was in the bottom, left drawer. Officers opened the drawer and located a black backpack. Inside the backpack was a loaded .32 caliber Smith and Wesson revolver, which was later determined to be operable, fourteen rounds of 9mm ammunition, and 29 rounds of .32 caliber ammunition.

The backpack also contained various narcotics and narcotics paraphernalia. Officers located 138 one-half inch ziplocks with a white powder substance that field tested positive for heroin and a total of fifty-three grams of a rocklike substance that field tested positive for cocaine. The fifty-three grams of cocaine was packaged in two forms; there were fourteen pieces of plastic tied with a knot and thirteen small, pink plastic ziplocks. There was also a 1.6 gram

chunk of what officers refer to as "bone heroin." Additionally, officers found over fifty used and unused ziplock bags. Other drug paraphernalia included two digital scales with white residue, a blender with white residue that field tested positive for cocaine, two bottles with "screw-off" bottoms that are capable of concealing narcotics, two pipes, styrofoam plates, rubber gloves, and two strainers with white residue. Finally, officers recovered from the backpack bottles of three substances - Caffeine, Quinine, and Inositol- that are used to dilute or "cut" cocaine and heroin.

The officers located a Kool cigarette box on the bedside table that contained a pipe. They also located a glass on the night stand that contained white residue. From the Defendant's person the officers recovered a piece of plastic with two grams of crack cocaine, a key to room 246 at the Budget Motel, and cash. Officer Wooden spoke with the hotel manager and ascertained that William King rented the room by obtaining a copy of the room receipt.

Officer Wooden testified that based on his experience with crack cocaine he believes that fifty three grams - the amount possessed by the Defendant - is consistent with possession with intent to distribute rather than possession for personal use.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Having heard the testimony at the November 26, 2007 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1). When, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant. The Defendant is charged with possession with intent to distribute cocaine, a serious drug-related charge carrying a prison sentence of ten years or more. Moreover, the quantity of cocaine that the Defendant possessed - 53 grams - is substantial. The Defendant also was in possession of a loaded .22 caliber handgun as well as ammunition that suggests he may have access to a 9mm weapon.

The second factor, the weight of the evidence, favors detention for the Defendant. The room receipt shows that the hotel room in which the narcotics were found was rented to the

Defendant. More significantly, the Defendant knew of the location of both the narcotics and the firearm in the room and was able to direct the officers to those items.

The third factor, the history and characteristics of the Defendant, favors detention as well. Defendant is currently unemployed and his living situation is uncertain. He also has a 1990 conviction for battery.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Although the Defendant is not charged with a firearms violation, his possession of a loaded handgun and a large quantity of cocaine and heroin demonstrate that he poses a danger to the community. The rampant epidemic of drug-related shootings and murders reported daily by the news media demonstrate the extent to which unlawful possession of a firearm and drug trafficking wreak havoc on our communities, no place more so than in the District of Columbia.

## Conclusion

Based upon consideration of the facts presented at the preliminary and detention hearings, and the factors set forth in § 3142(g), the Court concludes that Defendant has failed to overcome the presumption in favor of detention established by the Bail Reform Act. The Court thus finds by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The government's motion for pretrial detention is therefore granted.

Dated: November 26, 2007                    /s/
                                            ALAN KAY
                                            UNITED STATES MAGISTRATE JUDGE